# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs March 26, 2013

## STATE OF TENNESSEE v. BEAU CLAYTON EPPERSON

**Appeal from the Circuit Court for Sevier County**
**No. 15662-II          Richard R. Vance, Judge**

―――――――――

**No. E2012-00268-CCA-R3-CD - Filed June 28, 2013**

―――――――――

NORMA MCGEE OGLE, J., concurring.

I concur in the majority's conclusion that a trial court may impose both a period of partial confinement for a misdemeanor domestic assault conviction and a two-year probationary period. I write separately, however, to explain more fully the reasoning supporting my conclusion.

Tennessee Code Annotated section 40-35-303(c) provides as follows:

> (1) If the court determines that a period of probation is appropriate, the court shall sentence the defendant to a specific sentence but shall suspend the execution of all or part of the sentence and place the defendant on supervised or unsupervised probation either immediately or after a period of confinement for a period of time no less than the minimum sentence allowed under the classification and up to and including the statutory maximum time for the class of the conviction offense.
>
> (2)(A) Except as provided in subdivision (c)(2)(B), if probation is to be granted to a defendant convicted of any of the misdemeanor offenses set out in subdivision (c)(2)(C), the provisions of subdivision (c)(1) shall govern the length of the term of probation.
>
> (B) Notwithstanding the provisions of subdivision (c)(2)(A), the judge may sentence a defendant convicted of any

of the misdemeanor offenses set out in subdivision (c)(2)(C) to a period of probation not to exceed two (2) years, if the judge finds that the period of probation is necessary:

(i) For the defendant to complete any appropriate treatment program or programs, including, but not limited to, a sanctioned batterer's intervention program, an anger management program or any court-ordered drug or alcohol treatment program;

(ii) To make restitution to the victim of the offense;

(iii) To otherwise effect a change in the behavior of the defendant, including, but not limited to, imposing any of the conditions set forth in subsection (d); or

(iv) To protect and better ensure the safety of the victim or any other member of the victim's family or household, as set out in subsections (m) and (n).

In my view, subsections -303(c)(1), -303(c)(2)(A), and -303(c)(2)(B) must be read in conjunction with each other. Tennessee Code Annotated section 40-35-303(c)(1) explains that for an individual convicted of a felony or misdemeanor and receiving a sentence of ten years or less, a trial court must set a specific sentence but can suspend the sentence and order a period of probation. The period of probation can be served immediately or after a period of confinement, but the length of the probation shall be "no less than the minimum sentence allowed under the classification and up to and including the statutory maximum time for the class of the conviction offense." Tennessee Code Annotated section 40-35-303(c)(2)(A) provides that the period of probation for a sentence resulting from certain misdemeanor convictions, such as domestic assault, is governed by -303(c)(1). In other words, for a defendant convicted of domestic assault, the trial court can order a period of probation of eleven-months, twenty-nine days, the statutory maximum for an individual convicted of a Class A misdemeanor, following confinement. However, Tennessee Code Annotated section 40-35-303(c)(2)(B) extends that period of probation from eleven months, twenty-nine days to two years if the trial court determines that the two-year period is necessary in order to give the defendant time to complete a treatment program, make restitution to the victim, effect a

change in the defendant's behavior, or protect and ensure the safety of the victim.

In support of his claim that his two-year probation sentence is illegal, the Defendant relies on State v. Vito Summa, No. 02C01-9411-CR-00254, 1995 WL 764994 (Tenn. Crim. App. at Jackson, Dec. 28, 1995). In Summa, the defendant was convicted of Class A misdemeanor assault, and the trial court sentenced him to eleven months, twenty-nine days with five months and one week to be served in confinement. No. 02C01-9411-CR-00254, 1995 WL 764994, at *1. The trial court also ordered two years of probation following the defendant's release from confinement. Id. This court determined that the two-year probation period was illegal pursuant to Tennessee Code Annotated section 40-35-303(c) (1990), which stated as follows:

> "If the court determines that a period of probation is appropriate, the court shall sentence the defendant to a specific sentence but shall suspend the execution of all or part thereof and place the defendant on supervised or unsupervised probation either immediately or after a period of confinement with the remainder of the sentence on probation supervision."

Id. at *2 (quoting Tenn. Code Ann. § 40-35-303(c) (1990)). This court noted, "There is no provision for probation to extend to the maximum term provided by law for the offense.'" Id. at *3 (quoting State v. Steven B. Mangrum, C.C.A. No. 01-C-01-9007CC00176, 1991 WL 20373, at *1 (Tenn. Crim. App. at Nashville, Feb. 21, 1995)). However, our legislature amended Tennessee Code Annotated section 40-35-303(c) (1990) to provide for the period of probation after a defendant's sentence. Therefore, Summa is not dispositive of the instant case, and I agree with the majority that the Defendant is not entitled to relief on this issue.

_____
NORMA McGEE OGLE, JUDGE